v. Samuel B. Case 5-17-0079. Good afternoon, Your Honor. May it please the Court, Counsel. My name is Patrick Daly. I'm here on behalf of the State. This is a State appeal from the dismissal of a charge of unlawful failure of sex offender to record absence from address of registration. This case clearly involves a foray into the deep, dark forest known as the Sex Offender Registration Act. Before getting to the nuts and bolts, if you will, of the Court's dismissal and the propriety of it, I want to start with a case called Peabody v. Pierce. It's a Supreme Court case. There's not a lot of authority out there which discusses Sections 3 and Section 6. Pierce, which came out after the Court had dismissed the charges in this case, comes closest, I think, to kind of giving a lease. It's not on point, but gives some framework for the purpose behind the statute, which I think in and of itself is relevant to the propriety ultimately of the Court's... I think we understand the purpose or what the mechanics are is the problem, right? I'm sorry, Your Honor? The mechanics are the problem, not the... Well, correct, correct. Not the purpose. Well, in this case, the Court... We'll jump right into that then. Yeah, let's do it. I'll take a cue. Here, the Court dismissed the charge on the basis that it failed to state an offense, okay? By statute, a charge is to be dismissed or has to comply with the statutory requirements of stating an offense, stating a statutory provision, the elements, the date and county, and the name of the accuser, okay? Which this charge clearly does state in all of its forms. The Court's rationale for dismissal was that the state's charge did not state an offense because it had, in the language of the statute, the allegation that the defendant was required to provide notice within three days of an absence of more than three days from a place of permanent fixed registration. The Court held... Well, the Court in this case, to be more specific, adopted a ruling of another judge dealing with another statute, not the same statute, but I think that the clear impression that was being conveyed or at least the belief of the Court was that this legislative scheme does not impose any specific requirement on the defendant to notify this place of permanent registration of a place of temporary absence within three days, okay? Our position is that the statute itself... Well, go ahead. I'll read it to you. A sex offender or a sexual predator who is temporarily absent from his or her current address of registration for three more days shall notify law enforcement, having jurisdiction of his current registration, including the activity for travel, and a manner of providing Section 6 for notification to the law enforcement agency, having jurisdiction of his change of address. So I don't think there's going to be any dispute here that the law imposes a duty on an individual to be gone... There is a requirement that they must notify the place of permanent registration if they're going to be temporarily absent from that place for three or more days. Our argument is really very straightforward. It is not necessary for the statute to state that you must provide notice within three days because that's what the statute itself encompasses. The statute clearly puts a defendant on notice that if you are absent for three or more days, you are in violation. The reduction of that argument clearly or their position clearly has to be that you have to notify this law enforcement agency before you're gone for three or more days because then that third day you're going to be considered in violation of the statute itself. Okay? So really our position comes down to this. When the state alleges this violation and includes language that a defendant is to provide notification within three days, it is in essence itself surplusage because that is what the statute itself mandates by its terms. If you're gone for three or more days and you haven't registered, if you haven't provided that notification to your place of registration, you're in violation of the statute. There's no answer to us about it. So I think that the focus here in this about whether the statute did or did not state specifically that you have to do this within three days, I think misses the force of the truth. This statute clearly imposes a duty upon a registrant to provide notice prior to being gone for three days because once that three days is there, by the terms of the statute, he's going to be in violation of the terms of the sex offender registration act. The court's interpretation then really leads us to the position where it becomes an unenforceable statute. In other words, the court says, well, we're going to agree that the statute imposes a duty upon you to register or provide notification to the place that you're registered, but because there's no time period in which you'd have to do it, so essentially you can go on forever. The Judge Middendorf, who's ruling the trial court in this case adopted, had indicated that, well, there's probably a reason for this because when people move, there's all these issues involved with getting things done, et cetera, et cetera. That doesn't really make any sense. I mean, number one, it doesn't really comport with the purpose of the statute, i.e. that is to ensure that the location and presence of the knowledge of people who are registered under the act are going to be tracked, if you will. It doesn't make sense in the grand scheme of the sex offender registration act where we have a plethora of requirements that are imposed upon registrants that we have somehow buried in the middle a requirement that is completely toothless, that the defendant has no obligation within any time period to do so, but you're going to be in violation after three days occurs. Well, then that leads to the other problem is how are we going to run into some constitutional issues where we have a statute that's going to allow enforcement basically to win law enforcement. Well, does this guy go three days? Does this guy go seven days? Does this guy go 120 days? And that is not interpretation when we talk about cases involving statutory interpretation among the many rules. One of the principal ones is that we want to interpret statutes to avoid any unconstitutional construction of the statute. And that's really what it comes down to. My reference to the Pierce case in honor is really basically in that thing that it discussed the purpose of this requirement to supply notification of your place of temporary registration, of temporary residence, and that it falls within the scope of the purposes of the sex offender registration act. I do want to read one quote from that, which I think is interesting. It's really not dispositive of anything in this case, but the court says that in sections six and three, I'm paraphrasing that right there, the offender leaving a currently registered address must notify a law enforcement agency having jurisdiction of that location that he is departing, either temporarily or perhaps criminally, specifying where he is going. Those are the leaders that intend to the legislature that the offender be tracked by giving notice to law enforcement authorities in the jurisdiction he is leaving. I think that the term phrase of the court is particularly interesting here because it's framed in a prospective manner that we see that the purpose of the statute is that a defendant who is departing specify where he is going. So sort of wrapped into that notion is exactly what we're arguing here, that you are obligated to provide notification that you're going somewhere before those three days are up or you're going to be in violation of the statute. That's why I believe that the court, you know, I think in its subtle interpretation of the statute, again, this was not an issue before that court, but it did discuss it in these terms, and I just think that that term of phrase is somewhat revealing in the context of the argument that the state is presenting to this court today. Do you guys have any other questions for me? Thank you very much. I appreciate it. May it please the Court. Counsel. Assistant Appellate Defender Eun Sun Nam on behalf of the appellee Samuel Bertschall. First, this appeal is from the dismissal of, you know, the state's charge against Mr. Bertschall, and this court can affirm on any ground apparent from the record. And here it's imperative that this court affirm the trial court's ruling because dismissal is legally correct. Of the three scenarios provided by the state in its opening brief on pages 18 through 19, the first scenario is correct, that the act as written currently does not create a prosecutable offense for a registrant's failure to report his temporary absence of three or more days from his current address registration because sections three and six fails to, as currently written, include the necessary time frame for the act's notification mandate. The state talks about, you know, this prospectiveness, that you need to report before you go out. When you travel, maybe that makes sense, but it doesn't make sense for a registrant every day to potentially think that, I might not return, I might have to report. And I want to point out to the court section six. For prospective reporting, there's a section in section six that says, if any person required to register under this article intends to establish a residence or employment outside of the state of Illinois, at least ten days before establishing that residence or employment, he shall report. So we have to look carefully at the wording of sections three and six. Here it gives you, you know, when the legislature intended for a registrant to report prior to, it says here, at least ten days before. The provisions at issue does not give ten days before, three days before, or on the day of. The provisions actually follow this general pattern that's seen throughout the sections, sections three, four, five, 5-5, 5-7, and six. There is this formula of a triggering event plus a time frame equals a prosecutable offense. What we have currently is a triggering event, which is being temporarily absent from his current place of residence for three or more days, but there's no time frame, thus there's no prosecutable offense. The state argues that a fair reading of the statute would kind of have this time frame embedded within or inherent. But as this court knows, SOAR, the statutory scheme, is a comprehensive scheme, and the most telling is how section three begins. It begins with a sex offender shall, within the time frame prescribed in subsections B and C, register in person and so on and so on. So from the start, the Act tells registrants, hey, guys, look out for this time frame, this special time frame. It's important. And of course we know it's important. Otherwise, how would registrants know when to go report or when to register after a triggering event? To read the Act as the state urges, this court would run into problems where a registrant will not know exactly what is required before he may be in violation of the Act. And as this court knows, it's a strict liability offense. If you violate, it's a class three felony. A second violation would be a class two felony. So what Mr. Birchall is saying is that this statute, or this provision of the statute, is closer to the duty to register, where it states if a sex offender resides or is temporarily domiciled for a period of three days or more, and then the Act actually provides a time frame for that. So even if you're there temporarily residing for three or more days, the statute gives you this time frame of three more days where you have to register. That's the same kind of format for what we have here. And it's well established that statutes have to give notice to the citizens. We have to know exactly what we're going to be in violation of, so it has to be clear. The statute also needs to be clear so that courts like this, that law enforcement, can know exactly what the standards are, how to apply the statute to a certain situation. And here, because there's no explicit language, and because the rest of the Act contains this explicit language of within three days, within five days, within 10 days, or within 90 days, the fact that the Act also tells registrants to look out for this time frame, and where it doesn't exist, unless this court has any other questions, we ask that because the Sex Offender Registration Act does not explicitly give this time frame of within a blank number of days to a court of registrants' temporary absence of three or more days from the current address of registration, and because to read beyond, because of the language that is explicitly there, we run into constitutional matters of due process and vagueness. Mr. Virchow asks this honorable court to affirm the trial court's dismissal of the state's charges. You're charged. Thank you. Your Honor, it's a problem with the defendant's argument at the outset, because it runs headlong into well-established principles of statutory construction, and that is we are not to read a statute so as to render any part of it superfluous, surplusage, meaningless. And in a sense, that's what the defendant is arguing here, that in the absence of this language, that within X number of days you are to register, and that not being there, the defendant is overtly arguing that we have statutory language that is unenforceable. Now, I don't see this statute as ambiguous. As anything could be unambiguous in the Sex Offender Registration Act, this is not language that is it. So that kind of comes into the defendant's argument about, well, the defendant's not going to be placed on notice or understand what it is that they're going to be in violation of. The statute itself is not unclear. It states that if you're going to be absent, temporarily absent for three or more days, you have to register. It's not confusing. To say or to rewrite the statute to add, if you're going to be in violation of the statute if you're absent for three or more days, so you need to register within three days, doesn't add anything to the statute that's not already completely obvious from the statute as it's currently written. If anything, it just becomes redundant. Now, no one's going to accuse the legislature of being a perfect draftsman of statutes at all. If they included that language, we probably wouldn't be here today. But the point in that is this, this is a case of statutory interpretation. In its opposition, and nothing the defendant has argued here today, I think necessarily deflects or rebuts the notion that the statute provides plain notice of what the defendant's requirements are as far as his obligations or her obligations to provide notice to the place of his permanent registration if he's going to be gone for three or more days. Now, if the defendant can't understand that they have to provide notice if they're going to be gone for three or more days, that they have to do it before they're gone for three days, well, we can't write statutes to account for everybody's level of understanding. To me, in my position, in our position, that it is clear enough as it was written. And that the court's interpretation of the statute, that it's somehow mandatory to basically restate what it already says in order to survive as a valid charge in this case because that's what we're talking about here. This is offense to state of charge. Our position is that, with all this language that the state included about having to register within three days, is really almost unnecessary. The statute itself defines the violations that if you're gone for three or more days and you haven't registered, you're in violation. If we come to trial, it's not an element that the state proved that the person didn't register within three days. It is. But, I mean, when the state comes to trial on this charge, you will have to prove, one, that he's the person required to register, number two, that he was absent for three or more days, temporarily absent for three or more days, and three, he did not do so, he did not register with his place of permanent registration. Those are the elements of this offense. And the charge states all that in there. So adding into it that you need to do this within three days, our position is that the court, by taking surplus language, if you will, turn it into an element and then arguing, you're taking the position that it's a non-existent element and, therefore, this doesn't state a charge anymore. I think that the state was simply charging this the way the statute is logically read. And that's what happened here. And I think the charge was improperly dismissed by the court. This court exercised a de novo review. It asked this court to exercise a review, reverse the judgment of the trial court, and reinstate the charges against the defendant. Does the court have any questions? Thank you, Your Honor. All right. Thank you, counsel. We'll take this matter under advisement and render a decision in due course.